# CIRCUIT COURT OF FAIRFAX COUNTY

Charlotte A. Andrews

  v.

LogistiCare Solutions, L.L.C., et al.

November 24, 2008

Case No. CL-2008-4980

By Judge Charles J. Maxfield

This matter came before the Court on November 7, 2008. Defendant, by a plea in bar, asks the Court to dismiss the negligence claim against Defendant LogistiCare due to the sovereign immunity doctrine. Defendant LogistiCare states that it was acting as an agent for the Commonwealth of Virginia and is entitled to sovereign immunity.

*Issues*

This case presents two distinct issues. First, whether Defendant LogistiCare was acting as an agent for the Commonwealth? Second, assuming that Defendant LogistiCare is an agent for the Commonwealth, whether it is entitled to sovereign immunity?

*Facts*

Plaintiff, Charlotte A. Andrews, made arrangements to receive transportation through LogistiCare Solutions, L.L.C. (LogistiCare) from her home to the Kidney Center for dialysis treatment. LogistiCare contracted

with Devine Transportation to perform transportation services. On the morning of September 13, 2006, Jane Doe, Devine Transportation's employee, responded to transport Plaintiff. Jane Doe loaded Plaintiff into the van improperly, causing a wound to her leg that developed into an infection. Plaintiff alleges that Jane Doe was negligent in her use of judgment and discretion when she improperly loaded Plaintiff into the van. In addition, Plaintiff alleges that Devine Transportation and LogistiCare were liable under the respondeat superior principles. Plaintiff further alleges that, as a result of defendant's negligence, Plaintiff suffered severe and permanent injuries, has incurred medical expenses, and will continue to incur medical expenses in the future.

LogistiCare is in the business of providing non-emergency transportation services to eligible Medicaid and Title XXI recipients within the Commonwealth. These services are performed pursuant to a contract entered into between LogistiCare and the Commonwealth of Virginia's Department of Medical Assistance Services (DMAS). DMAS is a State agency that administers the Medicaid Program under Title XIX of the Social Security Act. Pursuant to the Code of Federal Regulations, the State must assure necessary emergency and non-emergency transportation to recipients to and from providers. 42 Code of Federal Regulations § 431-53. As a result, DMAS controls LogistiCare's operations.

Under the contract, DMAS provides a set fee to LogistiCare for its services. DMAS specifies how LogistiCare is to carry out its duties to transport Medicaid patients of the Commonwealth. DMAS controls how LogistiCare would recruit and maintain local transportation. DMAS controls the vehicle and driver requirements to the extent that any vehicle or driver found out of compliance with the Request for Proposal, the contract requirements, or any State or Federal regulations may be removed from service immediately by authorized employees of DMAS. DMAS also controls the equipment requirements, licensing, software, and the telephone calls handled by LogistiCare. The contractual agreements entered into by LogistiCare and its subcontractors are also controlled by DMAS. Devine Transportation operates under a written contract with LogistiCare to provide transportation to these eligible Medicaid recipients.

Despite the extremely detailed requirements and standards of performance in section 10.18, Plaintiff states that LogistiCare is "considered an independent contractor and neither the contractor, nor personnel employed by the contractor, is to be considered an employee or agent of DMAS."

*Analysis*

*Independent Contractor*

An independent contractor is not entitled to sovereign immunity. *McCloskey v. Kane*, 268 Va. 685, 691, 604 S.E.2d 59 (2004). An independent contractor is "one who in the course of an independent occupation prosecutes and directs the work himself, using his own methods to accomplish it." *Epperson v. DeJarnette*, 164 Va. 482, 180 S.E. 412 (1935). To determine whether an individual is an independent contractor, the court considers four factors: (1) the selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual. *McDonald v. Hampton Training Sch. for Nurses*, 254 Va. 79, 81, 486 S.E.2d 299 (1997). However, the amount of power to control the work of the individual is the determinative factor. *See Epperson*, 164 Va. at 486 (holding that the ordinary test is "who has the power to control and direct the servants in the performance of their work?"). Under the test, if a party directs the means and methods by which the other does the work, an employer-employee relationship exist. *Virginia Employment Comm'n v. A.I.M. Corp.*, 225 Va. 338, 347, 302 S.E.2d 534 (1983). Furthermore, the inquiry is not resolved by a statement of the legal relationship in the contract. *See Johnson v. Quinones*, 48 Va. Cir. 283, 283-84 (1999) (The Court rejected Plaintiff's argument that both defendants are "independent contractors" merely because their contracts with the Commonwealth say they are.).

Plaintiff argues that, because the Request for Proposal holds the contractor fully responsible for the acts and omissions of his subcontractors and of those employed by them, LogistiCare is an independent contractor. Second, Plaintiff points to the independent contractor provision of the contract. However, as stated in *Johnson v. Quinones*, the contract language suggesting that the person is an independent contractor is not controlling. Here, the amount of control DMAS had over LogistiCare is the controlling factor. In considering the amount of control exercised by DMAS over LogistiCare, an employer-employee relationship exists. Therefore, Defendant LogistiCare is not an independent contractor, but rather an agent of DMAS.

*Sovereign Immunity*

"The doctrine of sovereign immunity protects persons and entities from civil lawsuits for acts of simple negligence in the performance of their non-ministerial duties." *Wesley v. Mercy Ambulance Corp.*, 37 Va. Cir. 354, 356

(1995) (*citing James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864 (1980)). It does not shield such persons from intentional or grossly negligent acts. *James v. Jane*, 221 Va. at 43. The factors to be considered to determine whether an employee is entitled to immunity are (1) the nature and function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and discretion. *Wesley v. Mercy Ambulance Corp.*, 37 Va. Cir. 354, 356 (1995) (*citing James v. Jane*, 221 Va. at 53). Agents of immune entities are entitled to sovereign immunity when they satisfy the four-part test. *Mann v. Sentara Hosps.*, 59 Va. Cir. 433, 442 (2002).

### 1. Nature and Function Performed by the Employee

"If the function that a government employee was negligently performing was essential to a governmental objective this would weigh in favor of the employee's claim of sovereign immunity." *Wesley*, 37 Va. Cir. at 356. Whereas, if the function has only a marginal influence upon the governmental objective, then this would weigh against granting sovereign immunity to an employee. *Id.* In *Wesley*, the court noted that ambulance service is a governmental function as it provides for the benefit and well-being of its citizens. 37 Va. Cir. at 356 (*citing Edwards v. City of Portsmouth*, 237 Va. 167, 375 S.E.2d 747 (1989)).

In this case, the Request for Proposal stated that DMAS' purpose was to assure necessary emergency and non-emergency transportation to recipients to and from providers as required by the Code of Federal Regulations. LogistiCare was contracted to transport these Medicaid recipients and ensure they receive transportation services that are safe, reliable, and on time. Further, the employee, Jane Doe, was providing these services at the time of the alleged negligence.

### 2. Extent of the State's Interest and Involvement in the Function

"If the government has a great interest and involvement in the function, this factor would weigh in favor of the employee's claim of sovereign immunity." *Wesley*, 37 Va. Cir. at 356.

Here, the Commonwealth has a great interest in providing transportation for Medicaid recipients. This is demonstrated in the Request for Proposal and in the Code of Federal Regulations. Furthermore, Plaintiff

concedes that the transportation of patients for the purposes of receiving medical treatment is a governmental objective.

3. *Degree of Control and Direction Exercised by the State over the Employee*

A high level of control weighs in favor of granting sovereign immunity. *Wesley*, 37 Va. Cir. at 357. Therefore, even if a person is an independent contractor, the high degree of control and direction over the contractor is controlling. *Id.*

In this case, there was a high level of control and direction exercised by DMAS over LogistiCare as stated in the reasons above. The contract controlled LogistiCare in excruciating detail. DMAS even controlled the contracts that Defendant LogistiCare entered into with its subcontractors, including Devine Transportation.

4. *Whether the Act Complained of Involved the Use of Judgment and Discretion*

Nearly every act performed by an individual involves some use of discretion. *James*, 221 Va. at 53. As equally important is the amount of control exercised by the state over the employee whose negligence is involved. *Id.* Accordingly, "[w]hether the act performed involves the use of judgment and discretion is a consideration, but is not always determinative." *Id.*

Here, the alleged negligence on the part of Jane Doe did involve some use of judgment and discretion. Mr. Kiwanga, a driver, testified at the evidentiary hearing stating that drivers transport individuals with various medical conditions and needs. Due to the different needs, minor modifications may need to be made in how they transport patients and how they respond to medical complications by seeking assistance.

Mr. Nathanial Mwane also testified at the evidentiary hearing stating that all drivers attend a Passenger Assistance Sensitivity Training through a governmental organization, CTAA. However, despite the training, Mr. Mwane informed that the drivers need to be ready to deal with the unexpected because they cannot train individuals on every possible situation. Drivers need to use their own judgment in reacting to these types of situations.

As the functions of the driver are limited, the discretion exercised is not extensive; however, as noted above, this analysis is not determinative when, as in this case, the state's control and discretion is pervasive.

The plea in bar is granted.